In re ABW, INC., a corporation, Debtor.

RENO COURTS LTD., a Limited Partnership, by and through its general partners, James R. LAUGHTON and Richard Bennett, as general partners, Plaintiff,

v.

ABW ASSOCIATES, INC., a corporation, Defendant.

Bankruptcy No. 82–419.
Adv. No. 82–353.

United States Bankruptcy Court,
D. Nevada.

Feb. 15, 1983.

---

Bruce T. Beesley, Robison, Lyle, Belaustegui & Robb, Reno, Nev., for plaintiff.

David A. Kahan, Sala, McAuliffe, White & Long, Reno, Nev., for debtor/defendant.

## OPINION

SAMUEL J. STEINER, Bankruptcy Judge.

### FACTS

Plaintiff, the landlord, and the debtor, the tenant, became involved in a rent dispute. Rather than pay the rent, and in order to create a reserve for payment in the event the plaintiff might prevail in anticipated litigation, the debtor deposited three months' disputed rent into a special bank account.

The plaintiff commenced a suit in state court whereupon the parties agreed to submit the matter to arbitration (pursuant to a lease provision). They further agreed that the debtor would maintain the funds that had been deposited in an interest bearing account. The agreement to create the impound account was stated in open court at a hearing on March 5, 1982. Although the parties intended to formalize it in a court order that was prepared, through no one's fault, it was never entered. The draft order provided: "The funds impounded in the ... account shall be disbursed in accordance with the signed agreement of the parties, arbitration award, or order of this Honorable Court in the event this stay is terminated." On May 24, 1982, the arbitrators held in favor of the plaintiff. Shortly thereafter the plaintiff filed a "Request for Clarification" with the arbitrators and the debtor filed an "Application to Revise."

On May 28, 1982, the debtor filed its Chapter 11 petition. The Bankruptcy Court granted relief from the stay to allow the arbitrators to rule on the parties' motions. On August 11, 1982, the arbitrators again rendered a decision in the plaintiff's favor. The plaintiff then commenced this action seeking to have the funds on deposit turned over to it.

### ISSUE

Are the funds in the "impound account" property of the estate?

### DISCUSSION

Section 541(a)(1) of the Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The legislative history makes note of the broad scope of the definition, but also makes clear that the definition was not designed to enlarge the debtor's rights against others beyond those existing at the commencement of the case. H.R. 95–595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

The issue, thus, boils down to the nature of the interest the debtor had in the deposit on the date it filed bankruptcy.

■ At first glance, the interest might be considered an escrow. However, an escrow requires not only that the depositor relinquish control over the subject of the escrow (there, the funds), but also that the

third party be given instructions and agree to act as escrow agent. In this case, the debtor retained control of the funds, there were no instructions, and the bank never agreed to act as the agent.

■ It might also be argued that the funds were being held in the bank account pursuant to an express or constructive trust for the benefit of the plaintiff. As to the express trust issue, it is clear that in order to create such a trust the parties must manifest an intent to create a trust and the terms of the trust must be reasonably certain. 76 Am.Jur.2d *Trusts,* §§ 38 & 41 (1975). If one assumes the existence of these elements, trust law also requires the separation of the legal and beneficial interests. Hence, "no trust can exist in property where the holder of the legal title can under its present disposition withdraw it from the trust and apply it unqualifiedly to his own use or to any object that he choses." *Id.* § 27. *See also id.* § 6. ("in a trust relation, the principal or donor parts entirely with the control, possession, and right of disposition of the property involved and his trustee acts in his own name.") As to this impound account, it is doubtful that an express trust was created or even intended. However, if such was the intent, the debtor, on the date of filing, was both the grantor (settlor) and the trustee of the trust, and there was nothing to prevent it from withdrawing the funds for its own use. Inasmuch as the debtor retained control, an express trust did not exist.

■ Similarly, the funds in the account cannot constitute a constructive trust for the benefit of the plaintiff. A constructive trust is an equitable remedy imposed under circumstances where it would be unfair for the owner of property to enjoy the beneficial interest and would result in his unjust enrichment. Normally, the owner has engaged in some wrongdoing. *See* 76 Am. Jur.2d *Trusts* §§ 221 & 222 (1975). In the instant case, it would not be unfair for the debtor to keep the funds, nor would it result in its unjust enrichment. Presumably the funds will be used by the debtor to benefit all of its creditors. If a construc-

tive trust were imposed, only one creditor would benefit. Further, the debtor has not engaged in any inequitable conduct or wrongdoing that would warrant the imposition of a constructive trust.

Undoubtedly, the parties intended to grant the plaintiff a security interest in the funds on deposit as collateral for the contingent debt. The interest was not perfected pursuant to Nev.Rev.Stat. § 104.9304(4) which requires a security interest in money to be perfected by possession. Inasmuch as there was no perfection, the interest is voidable by the debtor-in-possession under 11 U.S.C. § 544.

Further, and although the issue was not raised by the parties, the facts presented suggest that the impound account agreement might well constitute a preferential transfer voidable under section 547 of the Code. 11 U.S.C. § 547(b).

## CONCLUSION

■ The debtor created the account that was subsequently made subject to the rent claim by informal stipulation. Other than the agreement, there was nothing as of the date of filing to prevent the debtor from withdrawing the funds. From a technical approach, the funds were always within the debtor's control and constitute property of the estate.

The impound account agreement did not create an escrow or a trust.

The agreement was intended to grant the plaintiff a security interest in the funds. The interest was not perfected, however, and is void as to the debtor-in-possession.

The complaint therefore will be dismissed.

Pursuant to Bankruptcy Rule 752(a), this opinion shall constitute whatever Findings of Fact and Conclusions of Law may be necessary.